# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BALTAZAR CASTENADA GARCIA,<br><br>Defendant. | CASE NO. 1:13-CR-00392 LJO-SKO<br><br>MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2); DENYING DEFENDANT'S MOTION FOR DOCUMENTS<br><br>(ECF Nos. 157, 170) |

Before the Court are two *pro se* motions by Defendant Baltazar Castenada Garcia ("Defendant"). Defendant first moves for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) ("§ 3582"), in accordance with section 1B1.10(b)(1) of the United States Sentencing Guidelines and Amendment 782[1] to the USSG. ECF No. 157. The Government filed an opposition to Defendant's § 3582 motion, ECF No. 158, and Defendant has filed a reply, ECF No. 161. Defendant has also requested that the Court provide him with all documentation pertaining to his case. ECF No. 170. Upon a thorough review of the parties' briefing, the record in the case, including the Probation Office's Presentence Report ("PSR"), and the relevant law, the Court DENIES Defendant's § 3582 motion, and DENIES Defendant's request for his case documents.

---

[1] Amendment 782 revised the Drug Quantity Table in USSG § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. *See* USSG, sup. App'x C, amend. 782 (2014) ("Amendment 782").

## I.    BACKGROUND

On August 17, 2015, Defendant entered a guilty plea on both counts of a two-count Superseding Information; Count 1 charged him with Conspiracy to Manufacture and Distribute 50 or more Plants of Marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C), and Count 2 Charged him with Conspiracy to Possess with Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B). ECF Nos. 95 (Plea Agreement); 99 (Superseding Information); 123 (PSR).

According to the PSR, Defendant's base offense level was 32 (based on the amount of controlled substances[2] involved in the case), and his criminal history category of III (based on 5 criminal history points). PSR ¶¶ 18, 37. Two levels were added pursuant to §§ 2D1.1(b)(12), because Defendant maintained a premise for the purpose of manufacturing or distributing a controlled substance. *Id.*¶ 20. Pursuant to §§ 3E1.1(a) and (b), Defendant qualified for a 3-level base offense reduction for accepting of responsibility, to an adjusted offense level of 29. *Id.* ¶¶ 26-27. The PSR, which cited the 2015 Guidelines manual (incorporating all Guideline amendments) found that the Guidelines range for a defendant with an offense level of 31 and a criminal history category III was 135 to 168 months imprisonment, and the PSR recommended a 135-month sentence. *Id* at 15.

Defendant's sentencing memorandum, filed on December 3, 2015, argues that the PSR overstated his criminal history, noting that the three convictions that led to the computation of his criminal history category at III were based upon violations of section 14601 of the California Vehicle Code, and that for two of these convictions, no jail time was imposed. ECF No. 133. The Government's sentencing memorandum argued that Defendant's criminal history category was

---

[2] Because Defendant's conduct involved both marijuana and methamphetamine, and the Guidelines provide a Drug Equivalency Table as a means for combining differing controlled substances to obtain a single offense level, the PSR converted the amount of methamphetamine to its marijuana equivalent and added the two quantities together to determine the combined marijuana equivalency. USSG § 2D1.1 Application Note 8. According to the PSR, Defendant's offense involved 28.8 kilograms of marijuana, 512.0 grams of methamphetamine, and 411.5 grams of actual methamphetamine. PSR ¶ 18. Pursuant to Drug Equivalency Table in USSG § 2D1.1, 512.0 grams of methamphetamine is equivalent to 1,024.0 kilograms of marijuana, and 411.5 grams of actual methamphetamine is equivalent to 8,230.0 kilograms of marijuana. *Id.* The sum of 28.8, 1,024.0, and 8,230.0 is 9,282.8 kg. *Id.* Because the quantity of marijuana involved in this case was more than 3,000 kilograms but less than 10,000 kilograms, the base offense level is 32. USSG § 2D1.1(c)(4).

properly computed because two of the aforementioned convictions were committed while Defendant was on probation. ECF No. 135 at 1.

On December 14, 2015, this Court sentenced Defendant. ECF No. 139. After hearing arguments from counsel, the Court found that Defendant's criminal history category was overstated, and determined that Defendant's criminal history category should be II instead of III. Under the 2015 Guidelines Manual, the Guidelines range for a Defendant with a criminal history category of II and a base offense level of 32 is 121-151 months. USSG, Chapter 5, Part A. Accordingly, the Court sentenced Defendant to a 121-month term of imprisonment on Defendant for Counts 1 and 2, to be served concurrently. ECF No. 139.

## II.  SECTION 3582 MOTION

### a.  Legal Standard

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting § 3582(c)). However, a federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. § 3582(c)(2); *see United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (a district court may do so "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. *See* Amendment 782. The Commission also voted to make the Amendment retroactively applicable to previously sentenced defendants. *See* USSG, sup. App'x C, amend. 788 (2014); *United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015).

Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-step inquiry." *Dunn*, 728 F.3d at 1155. At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in USSG § 1B1.10." *Id.* That policy statement enumerates a list of amendments to the Guidelines which have lowered the sentencing ranges for certain offenses. *See* USSG § 1B1.10(d). In the event that one of

3

the enumerated amendments has lowered a guideline range applicable to a defendant, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." USSG § 1B1.10(b)(1).

If the answer to step one is that the defendant is eligible for a reduced sentence, the district court turns to step two of the inquiry, where the court "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dunn*, 728 F.3d at 1155 (internal quotation marks and citation omitted). The § 3553(a) factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *Id.* at 1158 (internal quotation marks and citation omitted).

### b. Discussion

By his motion, Defendant requests that the Court reduce his sentence to a 97-month term of imprisonment, erroneously contending that he never received the benefit of Amendment 782. ECF No. 157 at 2-3. In its opposition, the Government points out that the PSR incorporated the November 1, 2015 version of the Guidelines when computing his Guidelines range, and that Defendant's Guidelines range was therefore calculated pursuant to the amended Guidelines. ECF No. 158 at 1-2. Defendant's reply reiterates his belief that he never received the benefit of Amendment 782 and his request for a reduced sentence. ECF No. 161.

This Court sentenced Defendant on December 14, 2015. ECF No. 139. Defendant's PSR, filed with the Court on October 26, 2015, clearly states that it utilized the 2015 Guidelines Manual, and incorporated all Guideline amendments to determine Defendant's offense level. PSR ¶ 16. Amendment 782 became effective on November 1, 2014. USSG § 1B1.10(d) (2014). Because Defendant's offense involved the equivalent of 9,292.8 kilograms of marijuana, *see* PSR ¶ 18, the

4

base offense level applicable to him under the amended Guidelines is 32. USSG § 2D1.1(c)(4).[3]

With Defendant's criminal history category of II, the applicable Guidelines range is 121 to 151 months. USSG, Chapter 5, Part A. The Court further notes that it imposed a 121-month term of imprisonment on Defendant—which is the minimum of his amended Guidelines range. Therefore, the Court lacks authority to reduce any further Defendant's sentence. USSG § 1B1.10(b)(2)(A) (the Court may not reduce a defendant's term of imprisonment to a term less than the minimum of the amended Guidelines range); *United States v. Davis*, 739 F.3d 1222, 1224 (9th Cir. 2014) ("The current version [of the Guidelines] … prohibits a court from reducing a defendant's sentence to a term that is less than the minimum of the amended Guidelines range.").

Based on the foregoing, the Court finds that Defendant is not eligible for a sentence reduction under § 3582(c) because the Court previously imposed a sentence at the bottom of the amended Guidelines range. *See id.* To the extent that Defendant asks the Court to reduce his sentence based on the § 3553(a) factors considered at step two, the Court declines. As Defendant not eligible for a sentence reduction, the Court may not proceed to the second half of the two-part inquiry set forth in *Dillon*. *See Dunn*, 728 F.3d at 1155.

## III.    MOTION FOR DOCUMENTS

### a.  Legal Standard

As to copies of case materials (indictment, plea agreement, and judgment and commitment), "[n]othing prevents defendant from contacting the clerk's office directly to obtain the copies of documents requested, standard rates applying, or having his [trial] representative obtain access to and copy the documents in the clerk's possession pursuant to 28 U.S.C. § 753(b)." *United States v. Lucatero*, No. 05-cr-0443-WBS, 2007 WL 1747077, at *1 (E.D. Cal. June 18, 2007).

To the extent a defendant requests a free copy of his sentencing transcript, 28 U.S.C. § 753(f) provides that the United States shall pay the fee for transcripts furnished in criminal proceedings under the Criminal Justice Act (18 U.S.C. § 3006A) or in a non-frivolous habeas corpus proceedings where the defendant has been permitted to proceed in forma pauperis. *Lucatero*, 2007 WL

---

[3] Prior to the effective date of Amendment 782, 9,292.8 kilograms of marijuana would have resulted in a base offense level of 34. USSG § 2D1.1(c)(4) (2013).

17470077, at *1 (citing 28 U.S.C. § 753(f)). "A prisoner is not constitutionally or statutorily authorized to receive free copies of transcripts simply because he intends to bring a § 2255 petition for post-conviction relief in the future." *Id.* 28 U.S.C. § 753(f) further provides that fees for transcripts in § 2255[4] proceedings shall be paid by the United States under the statute if the defendant is "permitted to sue or appeal in forma pauperis," and, "if the trial judge … certifies" that (1) "the suit or appeal is not frivolous"; and, (2) "that the transcript is needed to decide the issue presented by the suit or appeal." *See also Britt v. North Carolina*, 404 U.S. 226, 227 (1971) (finding that an indigent prisoner must, as a matter of equal protection, be provided "with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal").

### b. Discussion

Defendant has requested that the Court provide him with "all documentation pertaining to his case" at no cost to him, including a transcript of his sentencing hearing, because he is "analyzing all options and considering filing motions regarding [his] sentence and is in need of information pertaining to [his] case." ECF No. 170.

The Court determined, *supra*, that Defendant is ineligible for post-conviction relief pursuant to 18 U.S.C. § 3582, and Defendant has yet to file any other post-conviction motions. Under 28 U.S.C. § 735(f), Defendant's request for his transcript is therefore premature and cannot be entertained at this time. *See United States v. Connors*, 904 F.2d 535, 536 (9th Cir. 1990) ("Although Connors is indigent, he has not filed a habeas petition, and therefore is not entitled to copies of his trial transcript at government expense until he does so."); *see also Lucatero*, 2007 WL 1747077, at *2 ("The vast majority of courts have interpreted [28 U.S.C. § 753(f)] to mean that until a prisoner actually 'brings a proceeding under section 2255,' he is not entitled under § 753(f) to have costs for creating or copying such transcripts or other documents paid by the United States."). In the absence

---

[4] 28 U.S.C. § 2255(a)  provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

of Defendant actually filing a § 2255 motion, the Court cannot determine whether that motion is frivolous, as required by § 753(f).

Because the Court is without authority to order the Clerk of the Court to provide Defendant with free copies of the requested documents, the Court DENIES Defendant's motion.

## CONCLUSION AND ORDERS

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Baltazar Castenada Garcia's motion to reduce his sentence (ECF No. 157) is **DENIED**, pursuant to 18 U.S.C. § 3582(c)(2).

**IT IS FURTHER ORDERED** that Defendant's motion for documents (ECF No. 170) is **DENIED**.

IT IS SO ORDERED.

Dated:   __April 27, 2017__          _____ **/s/ Lawrence J. O'Neill** _____
                                        UNITED STATES CHIEF DISTRICT JUDGE